IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TUAN VAN LE,                                    )
                                                )
                Petitioner,                     )
                                                )
        v.                                      )   Case No. 25-3201-JWL
                                                )
Warden, FCI-Leavenworth,                        )
                                                )
                Respondent.                     )
                                                )
_____)

# **MEMORANDUM AND ORDER OF DISMISSAL**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the calculation of credits against his sentence. For the reasons set forth below, the petition is **dismissed** based on a failure to exhaust administrative remedies.

Petitioner concedes in his petition that although he has filed administrative grievances using the BP-8 and BP-9 forms, he has not completed the administrative process by filing further appeals. He argues that he should be excused from the satisfying the exhaustion requirement because exhaustion would be futile, for two reasons: first, the Bureau of Prisons (BOP) "has adopted a uniform position that FSA time credits are only applied after they are fully posted and earned, and routinely denies administrative requests for forward-looking projections or SCA stacking;" second, "there is no practical time to complete the grievance process," in light of petitioner's argument that he was eligible for prerelease custody in March 2024.

A habeas petitioner is required to exhaust administrative remedies before seeking relief from this Court. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* at 1198. Petitioner first suggests that exhaustion would be futile here because BOP officials routinely commit the same violations alleged in this case. Petitioner has provided no evidence, however, that the alleged violations by the BOP are routine or widespread, such that the violations represent an intractable position of the BOP that will not likely be changed by pursuit of administrative remedies. Indeed, the alleged failure to account for certain credits against a sentence is the very type of error that the BOP might correct once it is pointed out, and therefore the issue is one most appropriate to be addressed by way of the administrative process – in part so that the record is clear with respect to the BOP's position on the issue. Moreover, even if petitioner had shown that officials at his particular facility will not change their position regarding a refusal to follow agency-wide directives, as alleged by petitioner, the required administrative process involves appeals beyond petitioner's facility, to regional and national levels within the BOP, and thus there would be no basis for concluding that following that process to its completion would necessarily be futile. Thus, petitioner's reliance on the merits of his claim is not sufficient to show futility.[1]

---

[1] In this regard, the Court notes petitioner's seemingly paradoxical argument that he should be given credit prospectively for First Step Act (FSA) credits that he may earn in future months, with the result that he would be released and thus unable to earn those
Continued…

Petitioner also cites the delay that may result from having to complete the administrative process.  This Court has consistently held, however, that the futility exception is not satisfied merely because exhaustion could not be completed by the release date that would apply if a petitioner received the claimed credits, *see Randolph v. Hudson*, 2022 WL 1909051, at *1-3 (D. Kan. June 3, 2022) (Lungstrum, J.), or because the petitioner may lose time in a residential reentry center, *see Garner v. United States*, 2021 WL 3856618, at *3 (D. Kan. Aug. 30, 2021) (Lungstrum, J.).

Accordingly, the Court finds that petitioner has not satisfied the futility exception in this case, and it therefore dismisses the case on the basis of petitioner's failure to exhaust administrative remedies as required.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 22nd day of September, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

credits in future months.  Petitioner has not shown that the BOP has routinely acted in violation of the law by refusing to accept such an argument.